*Wilson, Brown & Murray,* for appellee.

---

CHARLES OELKER *v.* C. & J. VAN GUNDY ET AL.

**Vendor and Purchaser—Parties to Action Involving Unlitigated Lands.**

Where, in a suit for specific performance and an election by a defendant to pay protanto and accept such title as his vendor had, before final judgment is rendered, all interested parties should be brought before the court, and be made to disclose their interests.

APPEAL FROM CAMPBELL CIRCUIT COURT.

June 13. 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

Christopher Van Gundy, claiming to own a tract of about 93 acres of land which had descended from Christian Van Gundy,

deceased, to his ten children (said Christopher and others), undertook to sell and convey it, on the 7th of July, 1868, to the appellant, Charles Oelker, for $4,000, for an unpaid balance of which the appellant executed his two notes, one for $1,625 payable so soon as Van Gundy should have the title to the land "perfected and completed," and the other note for $1,000 payable one year after that event; and as security for the payment of these notes, Oelker made a mortgage of the land to Van Gundy.

C. Van Gundy assigned the notes and mortgage to Jacob Van Gundy, and they, uniting as plaintiffs, brought this suit for a forecloseure of the mortgage as to the debt of $1,625, alleging a compliance with the stipulation to perfect and complete the title.

Oelker defended the action suggesting several defects in the title; and the plaintiffs having exhibited such title as they had, obtained a rule on the defendant to elect either to retain and pay *pro tanto* for the title which was vested in him, or to take a rescission of the contract, and he having elected the first alternative, and the court being of opinion that said C. Van Gundy was at the time of the contract vested with the title to seven undivided tenths of the land which passed by his deed to the defendant, but that his title was imperfect and incomplete as to the residue one-tenth of which, formerly the share of Jacob Van Gundy, being claimed by Damnard as purchaser at a decretal sale, and another tenth part having descended to the heirs of Mrs. Weaver, and another having been incorrectly conveyed by Phister and wife, it was finally adjudged, without further action to complete the title, in substance, that the defendant have an abatement of $800 for the two-tenths of the land running subject to the claim of Damnard and Mrs. Weaver's heirs and that one-fifth part of the land, for those two shares, be laid off and restored to Van Gundy; and as to $400 more of the unpaid price of the land, as for the tenth part incorrectly conveyed by Phister and wife the action be dismissed without prejudice.

Oelker has appealed from the judgment, and the Van Gundys have prosecuted a cross appeal.

As we construe the contract and election of the appellant, it was the duty of the plaintiffs to take such action as to settle and determine the right of Oelker to the seven-tenths of the land to be retained by him, excluding alike therefrom the interests of the plaintiffs, and Damnard, Weaver's heirs, and Phister and wife,

whose claims should by the judgment, have been restricted to the three-tenths, not paid for nor retained by Oelker, and for that purpose we think it devolved on the plaintiffs to bring the parties before the court, in order that the defendant might under his election, have a perfect and complete title to so much of the land as he retained, and the court erred in adjudging the payment of the balance of the price of seven-tenths of the land without causing this to be done. But if it had been done, it would have been proper not only to have caused a restoration to Van Gundy of the two-tenths affected by the claims of Damnard and Weaver's heirs, but also the other tenth part as to the price of which the action was dismissed.

It results, therefore, that the judgment is deemed erroneous to the prejudice of both parties. Wherefore, the judgment is reversed on both the appeal and cross appeal and the cause remanded for further proceedings not inconsitsent with this opinion.

*Hallam, for appellant.*

*Fearens & Hawkins, for appellees.*